## Carr Estate

*John G. Williams,* for accountant.

*Robert L. Freedman* and *Louisa S. Mygatt,* of *Dechert, Price & Rhoads,* for beneficiary.

*Thomas M. Schubert,* guardian and trustee ad litem.

GUTOWICZ, *J.,* September 30, 1977 — This trust arises under deed of trust of Katharine Carr, dated March 24, 1961, whereby settlor transferred certain stock, in trust, to pay during the lifetime of her daughter, May G. Fisher, the net income one-half to said daughter and one-half in equal shares to Gifford Hatch Fisher and Robin F. Toomepuu, the children of May G. Fisher, and in the event of the death of either of said children leaving descendants, to pay the income of their share to such descendants, and upon the death of May G. Fisher to pay the principal to such of her descendants or their spouses as she appoints, or if none, to any persons other than her estate, her creditors or the creditors of her estate, and in default of such appointment, to divide the principal into equal shares, one share to be distributed to the descendants of any grandchild

of settlor then deceased, and one share to be held in trust for each grandchild then living, to pay the income to such grandchild for life, and upon such grandchild's death, to pay the principal of such share to settlor's descendants, subject to the grandchild's exercise of a testamentary power of appointment limited to such descendants. . . .

May G. Fisher is living. She is married to Robert C. Fisher. Both are sui juris.

The account is filed by reason of the petition of May G. Fisher and Robert C. Fisher to change the situs of the trust to North Carolina, substituting North Carolina National Bank for First Pennsylvania Bank, N.A. as corporate trustee.

Gifford Hatch Fisher, son of May G. Fisher, is living and is sui juris. He has no children.

Robin F. Toomepuu, daughter of May G. Fisher, is living and is sui juris. She has two children, Tiia Toomepuu and Vello Toomepuu, both of whom are minors.

The trust continues.

By decree of court dated May 13, 1977, Thomas M. Schubert, Esq. was appointed guardian ad litem for the minors, Tiia Toomepuu and Vello Toomepuu, and trustee ad litem for unborn and unascertained persons having a possible interest in the trust.

The petition for change of situs is filed pursuant to The Probate Estates and Fiduciaries Code of June 30, 1972, P.L. 508, sec. 725, 20 Pa.C.S.A. §725, which provides the court with authority to direct that the situs of the trust be changed to North Carolina "if the court shall find the change necessary or desirable for the proper administration of the trust." First Pennsylvania Bank, N.A. denies that a change of situs is necessary or desirable for

the proper administration of the trust and therefore opposes the petition. Petitioners have removed First Pennsylvania Bank, N.A. as corporate trustee and have named North Carolina National Bank as successor corporate trustee pursuant to article eight of the deed which empowers them to remove the corporate trustee "at any time . . . in their discretion and without assigning any cause therefor" and to appoint a successor.

Both individual co-trustees are residents of North Carolina. No beneficiary resides in Pennsylvania. Our courts on many occasions have held the transfer of situs to another state to be necessary or desirable for the proper administration of the trust where the beneficiaries and trustees are not residents of Pennsylvania: Perelle Trust, 63 D. & C. 2d 16, 23 Fiduc. Rep. 469 (O.C. Phila. 1973); Jadwin Trust, 45 D. & C. 2d 418, 18 Fiduc. Rep. 445 (O.C. Montg. 1968); Kerr Trust, 40 D. & C. 2d 415, 16 Fiduc. Rep. 485 (O.C. Chester 1966); Newbold Estate, 28 D. & C. 2d 92, 12 Fiduc. Rep. 547 (O.C. Phila. 1962); Brown Estate, 12 D. & C. 2d 227, 7 Fiduc. Rep. 559 (O.C. Montg. 1957). Additionally, it is argued that nearly two-thirds of the assets are invested in North Carolina municipal bonds and real estate and that a bank and the courts of that state can manage and supervise the trust more effectively than can a Pennsylvania bank and the courts of this Commonwealth.

The First Pennsylvania Bank, N.A. contends that the trust situs generally cannot be transferred because article ten of the deed provides that the "laws of the Commonwealth of Pennsylvania shall at all times govern the construction, validity and effect of this Deed and the administration of trusts hereby created." It maintains that the situs can be

changed only when new or altered circumstances, unanticipated at the time that the trust was created, make a change desirable.

Similar language in Perelle Trust, supra, and Jadwin Trust, supra, was held not to preclude the transfer of a trust situs. In Jadwin, Judge Taxis considered a provision of the deed of trust entitled "situs" which required the trust "to be construed and administered under Pennsylvania law" and held, "The language . . . regardless of title, simply applies Pennsylvania law to the operation of the trust wherever it is situated, and does not therefore prevent per se the requested change of situs." Id. at 419-20. Judge Klein in Perelle, likewise, approved the transfer of situs despite a provision of the deed of trust which read, "the trust shall be construed under and regulated by Pennsylvania law and that the validity and effect of the trust shall be determined by Pennsylvania law." He further held that "the change in situs of the trust will have no effect on the governing law clause in the deed which requires that Pennsylvania law be applied to the operation of the trust." Id. at 19.

The only reported case in which a request for a change of situs was denied is Parriott Trust, 48 D. & C. 2d 597, 19 Fiduc. Rep. 596 (O.C. Allegheny 1969). Petitioner in that case, an Oklahoma resident, created a Pennsylvania trust and, after her husband's death, sought to transfer the situs to Oklahoma. It was held that petitioner was not a trustee and was not entitled to exercise control over the trust. The circumstances had not changed, except for the death of her husband who also had lacked any control or authority with respect to the trust. A transfer of the situs could be detrimental and nothing was shown which would outweigh the

detrimental effects so as to make the change of situs "necessary and desirable for the proper administration of the trust." Among its reasons was the finding that "the supervision of investments in Pennsylvania municipal bonds by an Oklahoma trustee would be difficult." Id. at 602. The same is convincingly argued by the present petitioners with respect to the supervision of North Carolina municipal bonds and real estate investments by Pennsylvania financial and legal institutions. Parriott does not on its facts control the instant case. Its discussion of Kerr Trust, supra, however, suggests that the transfer of situs in the present case would be appropriate. In Kerr, the deed authorized certain nonresident beneficiaries to direct the corporate trustee to resign and to appoint its successor. The Parriott court stated, "The inclusion of a power in nonresident beneficiaries to direct resignation of the corporate trustee and to name a new trustee, almost certain to be a nonresident, is clear evidence of the intent of the settlor that the situs of the trust should be changeable to another state if such beneficiaries requested it." Id. at 605-6. Settlor in the instant case gave the individual trustees, who were not Pennsylvania residents, a similar power to change the corporate trustee. She further provided that the provisions of the deed conferring powers upon the trustees shall be liberally construed and that no bond or security shall be required *in any jurisdiction* from *any* of the trustees. We find that settlor intended that the situs of the trust would be changeable and that the appointment of North Carolina National Bank and the proposed transfer of the situs is to be in accord with that intent.

Even were changed circumstances a prerequisite to transfer, a doubtful thesis in view of our discussion above, the facts show two such altered circum-

stances, namely, the removal of the Pennsylvania corporate trustee and its replacement by the North Carolina National Bank and a change in the portfolio from a concentration of Pennsylvania tax-exempt investments to the present concentration of North Carolina municipal tax exempt bonds and investments.

The guardian and trustee ad litem, Mr. Schubert, in his report recommending that the account be confirmed as stated, discusses at length the jurisdiction of the court, the intent of settlor, the desire of all individual parties in interest to the transfer, and the advantages and lack of disadvantages of the transfer. Mr. Schubert states that he has no objection to the prayer of the petition. We are of the opinion that the record justifies a finding that the transfer is desirable for the proper administration of the trust.

Section 725 of The Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §725, in addition to authorizing this court to direct the transfer of situs, provides, "Upon such change of situs becoming effective by the assumption of jurisdiction by another court, the jurisdiction of the court as to the trust shall cease and thereupon the situs of the trust for all purposes shall be as directed by the court."

By decree of court this date, upon approval of the account, The First Pennsylvania Bank, N.A. is ordered to transfer the trust assets to the North Carolina National Bank; the situs of the trust is transferred to Moore County, North Carolina; and jurisdiction over the trust is hereby transferred from this court to the General Court of Justice, Superior Court Division, Moore County, North Carolina. . . .

And now, September 30, 1977, the account is confirmed nisi.